## Junkins *v.* Lovelace.

*Bill in Equity for Specific Performance of Contract; also, for Redemption and Account under Mortgages.*

1. *Multifariousness; election.*—A bill which seeks a redemption and account under a mortgage executed by the complainant's deceased brother to the defendants, the complainant claiming as a junior mortgagee; and also a redemption and account under a mortgage on another tract of land, executed by the complainant himself to the defendants, and the specific execution of an agreement by which, as alleged, the defendants redeemed the latter tract of land from a purchaser at execution sale, for the benefit of the complainant, and were to allow him to redeem from them on repayment of the amount advanced, with interest, and the balance due on the mortgage debt, is multifarious; but, a demurrer being sustained to the bill on that ground, the court "approves the practice of putting the complainant to his election."

2. *Foreclosure of mortgage; title of purchaser at register's sale.*—The title of the mortgagor or his heirs is not divested by a sale and conveyance by the register, purporting to have been made under a decree in a foreclosure suit, unless he or they were made defendants to the bill, and a decree of sale was rendered while they were before the court; and the purchaser at the register's sale, to make out his title as against the mortgagor or his heirs, must show these facts.

3. *Competency of party to testify as to transactions with deceased person.* Under a bill to foreclose a mortgage, the mortgagee can not testify as to any transactions between himself and the deceased mortgagor.

4. *Sale of mortgaged lands under execution.*—When mortgaged lands are sold under execution against the mortgagor (Code, § 3209), the purchaser acquires the entire interest of the mortgagor, except his statutory right of redemption; and if this right is not exercised within the two years allowed by law, and the mortgagee then obtains a conveyance from the purchaser, the entire title, legal and equitable, is united and vested in him.

5. *Agreement by mortgagee to redeem from purchaser, for mortgagor.* An agreement or promise by the mortgagee to redeem the lands from a purchaser at execution sale, for the benefit of the mortgagor, and to allow him to redeem on repayment of the amount advanced, with interest, and the balance due on the mortgage debt, is within the statute of frauds (Code, § 2121), and can not be enforced unless a compliance with the requisitions of the statute is shown; and the re-payment of the money does not take the case out of the statute, unless possession was also taken and held under the contract.

6. *Correspondence of pleadings and evidence.*—Evidence alone, without corresponding allegations in the bill, does not entitle the complainant to any relief.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed, at what time the record does not show, by George Junkins, against Jesse B. and Charles W.

[Junkins v. Lovelace.]

Lovelace, as partners doing business under the firm name of J. B. & C. W. Lovelace, who were the successors in business of Crenshaw, Lovelace & Co.; and sought, 1st, a redemption and account under a mortgage executed to said partnership by the complainant's deceased brother, James Junkins, on a tract of land which he had also mortgaged to the complainant, who claimed the right to redeem as a junior mortgagee; 2d, a redemption and account under a mortgage on another tract of land, which the complainant himself had executed to said partnership; and, 3d, the specific execution of a parol contract, under and pursuant to which, as alleged, the defendants redeemed the latter tract of land from James E. Webb and Henry Beck (who had become the purchasers at sheriff's sale under execution against the complainant), for the benefit of the complainant, agreeing to hold the land for him, and to allow him to redeem on the re-payment of the amount so advanced by them, with interest, in addition to the amount due on the mortgage debt.

The mortgage given to the defendants by James Junkins was dated January 9th, 1874; recited an indebtedness of $537.22, balance due for advances made to him by the mortgagees during the year 1873, and the further sum of $350, advances made and to be made during the year 1874; and conveyed a tract of land containing about one hundred and eighty acres, with mules, crops, &c. The complainant's mortgage on this tract of land was executed several years before, but he had waived his right of priority in favor of the defendants, by writing under seal, in order to enable his brother, the mortgagor, to obtain from the defendants the supplies and advances for which their mortgage was given; and he claimed the right to redeem as a junior mortgagee. He also claimed to have purchased the interest of said James Junkins in said tract of land, at a sale made by the register in chancery of Greene county; the allegations of the bill as to this sale being in these words: "To satisfy said indebtedness of said James Junkins to your orator, and under said mortgage made by him to your orator, and in virtue of a decree of the Chancery Court of Greene county, the said land was sold, and your orator became the purchaser of said land, mules and horses; and by a decree of said Chancery Court, made on the 27th day of November, 1874, the register of said court was ordered to make a deed of conveyance to your orator, conveying to him the title to said land; and on the 22d day of January, 1880, in pursuance of said decree, said register made to your orator a deed, which was duly recorded," &c. The deed was produced, and was included in the register's note of the complainant's evidence, its date and recitals corresponding with the above allegations; but the record and proceedings in the chancery cause, referred to

[Junkins v. Lovelace.]

in the deed, were not proved. James Junkins died in May, or June, 1874; and the bill alleged that the defendants took possession, under the mortgage, of the land and personal property, sold the crops, &c.; and the complainant claimed that the proceeds of the sales, with the rents of the lands which they had received, and with which they were chargeable, as to which he asked a discovery and account, had more than satisfied the amount due on their mortgage debt.

The mortgage given by the complainant to said defendants was dated January 12th, 1874; recited an indebtedness for advances made during the year 1873, and to be made during the year 1874, aggregating $1,606; and conveyed a tract of land containing about two hundred acres, with mules and horses, and the crops to be grown. The debt not being paid by the crops raised, there was an extension of credit for another year, and additional advances made, for which a new mortgage on the crops and personal property was taken; and there were subsequent transactions and accountings between the parties. In March, 1875, two judgments were recovered in the Circuit Court of Perry county against the complainant, one in favor of James E. Webb, and the other in favor of Henry Beck; and executions issued on these judgments having been levied on the lands conveyed by the mortgage to the defendants, the lands were sold under these levies on the 7th day of February, 1876, Webb and Beck becoming the purchasers, at the price of $575, and receiving a conveyance from the sheriff. In March, 1876, Webb and Beck filed a bill in said Chancery Court of Perry, against George Junkins and the Lovelace brothers; asking to be let in to redeem the mortgaged lands, and to have an account stated of the mortgage debt and transactions between the defendants; charging usury, and claiming the rents which accrued after their purchase. The case was brought to this court on appeal, and may be found reported in 62 Ala. 271–84.

In January, 1879, after the determination of that cause, and after the expiration of more than two years from the date of their purchase at sheriff's sale, Webb and Beck sold and conveyed their interest 'in the lands, by quit-claim deed, to the Lovelaces, on the recited consideration of $925 in hand paid. In reference to this sale and conveyance, the bill contained this allegation: "Some time during the year 1879, the said J. B. and C. W. Lovelace, at the request of your orator, and for and on his behalf, redeemed said land from said Webb and Beck, under an agreement with your orator that he should have the said land on the payment by him of the amount of his indebtedness to them, and the reasonable and proper amount paid by them for said redemption." The bill further alleged that,

[Junkins v. Lovelace.]

under this agreement, the complainant had delivered cotton to the defendants to be applied on his indebtedness, and had made payments, which, with the rents properly chargeable against the defendants, was more than sufficient to pay his entire indebtedness to them, with the amount paid by them to Webb and Beck; and he asked that an account might be stated as to all these matters, offering to pay any balance that might be found against him, and that the defendants might be required to re-convey the lands to him, free and discharged from the incumbrance of the mortgage. The defendants, in their answer, denied that they had redeemed the land from Webb and Beck under the agreement alleged in the bill, or under any other agreement made with the complainant; and asserted that they bought the land for their own benefit, without consultation with the complainant, and without his consent or knowledge.

There was a demurrer to the bill for multifariousness, and a motion to dismiss for want of equity, neither of which was acted on by the chancellor, who dismissed the bill, on final hearing on pleadings and proof, because the complainant had failed to make out a case entitling him to relief. The complainant appeals, and assigns the chancellor's decree as error.

W. B. MODAWELL, for appellant.—(1.) The complainant was entitled to relief as to the James Junkins land, although his mortgage may not have been properly foreclosed. If the proof fails to establish his purchase at the foreclosure sale, he is still entitled to redeem as a junior mortgagee.—*Downs v. Hopkins,* 65 Ala. 308. (2.) In equity, until a mortgage is foreclosed, it is regarded as a mere security for a debt. Hence, in this case, as to the lands mortgaged by the complainant himself, the Lovelaces are trustees of the rents and profits, and are bound to apply them to the discharge of the mortgage debt, and of the amount advanced to Webb and Beck.—*Toomer v. Randolph,* 60 Ala. 356; *Davis v. Lassiter,* 20 Ala. 561. (3.) Being trustees, they were incapable of purchasing and holding any interest as against complainant.—*Grigg v. Banks,* 59 Ala. 315; *Toomer v. Randolph,* 60 Ala. 360; Jones on Mortgages, § 1877; 2 Perry on Trusts, § 602; 2 Spence's Eq. Jur. 299–302, 657, 943; *Villa v. Rodriguez,* 12 Wallace, 339. (4.) The purchaser of the equity of redemption buys only the excess or value above the mortgage; and if the mortgagor pays off the secured debt, equity will compel an assignment of the mortgage to him for his reimbursement.—*Annin v. Tice,* 2 Johns. Ch. 125; *Vanderkamp v. Shelton,* 11 Paige, 28; *Lovelace v. Webb,* 62 Ala. 271. (5.) A court of equity will not allow the mortgagee to obtain the equity of redemption for less than its value.—*Goodman v. Pledger,* 14 Ala. 118. (6.) The purchase of the equity

[Junkins v. Lovelace.]

of redemption by the mortgagee does not extinguish the right to redeem.—*Cullum v. Emanuel*, 1 Ala. 23; *Villa v. Rodriguez*, 12 Wall. 339; *Slee v. Manhattan*, 1 Paige, 48. (7.) The purchase by the defendants from Webb and Beck only removed the incumbrance on the land, and gave them the right to demand compensation for the money thus expended.—*Grigg v. Banks*, 59 Ala. 311.

Wm. M. Brooks, *contra.*—(1.) The bill was multifarious. If the alleged contract to redeem from Webb and Beck, and to hold the land for the benefit of the complainant until he repaid the money so advanced, in addition to the amount due on his mortgage debt, so complicated the accounts that a bill to enforce that agreement authorized and required a redemption and account of his mortgage, no connection whatever existed between those matters and the James Junkins mortgage, nor is any reason shown for uniting them. (2.) As to the James Junkins land, the complainant shows no right to any relief. The evidence adduced by him as to his mortgage and indebtedness from James Junkins, if it does not raise the presumption that the debt was settled and discharged during the life of James, falls far short of the measure of proof required in a suit for foreclosure; and the pretense of a purchase under a decree of foreclosure, supported only by a deed from the register, without any proof of a decree of sale rendered on regular proceedings in a foreclosure suit, utterly fails on the evidence.—16 Wendell, 563; 12 Wendell, 74; 2 Johns. 280; 7 Johns. 535; 12 Johns. 213; 1 Cowen, 622; 5 S. & R. 332; 8 Moore, 46; Story's Eq. Pl. § 354; 9 Ala. 335; 15 Ala. 242; 3 Stew. 54; 60 Ala. 509. (3.). The alleged agreement as to the purchase from Webb and Beck for the complainant's benefit, is explicitly denied in the answers, and there is no evidence in proof of it. If the agreement had been fully proved as alleged, it would not have entitled the complainant to any relief, being void under the statute of frauds, and without any legal consideration. Code, §§ 2121, 2199; 4 Porter, 297; 8 Ala. 948; 1 Johns. Ch. 281; *Patton v. Beecher*, 62 Ala. 579.

STONE, J.—This bill is filed in rather a mixed aspect, partaking somewhat of the nature of a bill for specific performance, and somewhat of the nature of a bill to redeem. It seeks relief as to two distinct subjects-matter, between which it shows no connection whatever. As to one of the subjects, the two Lovelaces are the only necessary defendants. As to the other, in the present state of the proof, if not of the pleadings, the heirs and devisees of James Junkins were necessary parties. The demurrer for multifariousness should have been sustained.

Story's Eq. Pl. § 271; 1 Brick. Dig. 719-20, §§ 1158, 1170. But, if the demurrer for this ground had been sustained in the court below, we approve the practice of putting the complainant to his election.—*Marriott v. Givens*, 8 Ala. 694; Code of 1876, § 3790.

One phase of the relief prayed relates to the land mortgaged by James Junkins to the appellees, Lovelaces. James Junkins had made a prior mortgage of the same land to George Junkins, but the latter had given his written consent that the Lovelace mortgage should have a prior lien over his. It is claimed that some six hundred dollars, besides interest, still remains due on the mortgage to George Junkins, and that the Lovelaces, from the rents and profits of the mortgaged premises, which they have had since 1874, have been fully paid all that was due them, as secured by the mortgage of James Junkins. As part and parcel of the right to redeem this land, it is averred that, under a decree of the Chancery Court of Greene county, title of the James Junkins land had been made by the register to George Junkins; thus vesting in George all the rights of James Junkins, subject to the mortgage claim of the Lovelaces.

To authorize the register to sell and convey the lands of James Junkins, there must have been a regular foreclosure suit by George Junkins, making James Junkins a party defendant, if in life; and making his heirs defendants, if after his death; and there must have been a decree of sale, when there were proper parties before the court. Less than this could not devest the title of James Junkins, or his heirs, as the case may be; and, consequently, could not clothe George Junkins with the title of James. The averments of the bill do not sufficiently set forth these proceedings; and the proof is, if any difference, more faulty than the averments. This feature of the case, then, must be disposed of, as if no attempt had been averred or shown, having for its object a foreclosure of the mortgage to George Junkins. It results that, in the most favorable light to George in which we can view this question, he comes simply as a mortgagee, to foreclose the mortgage of James Junkins, and to redeem from the Lovelaces. Thus viewed, the bill is fatally defective, in that it does not make the representative and heirs or devisees of James parties defendant; and if they were made parties, there would then be an entire absence of legal proof that there is any thing due on the mortgage. George Junkins, the only witness whose testimony tends to prove such indebtedness, would be rendered incompetent to testify to any transaction with James, his deceased brother; and the testimony of Beck tends to show nothing was due on the two notes described in the mortgage, unless a third note, possibly given in settlement, should be produced, or oth-

[Junkins v. Lovelace.]

·erwise proven. The testimony of Beck opens the door for such testimony. The appellant is entitled to no relief on this phase of the bill.

The other phase of this suit grows out of mortgages made by George Junkins to the Lovelaces, conveying another tract of land, known as the George Junkins tract, to secure the payment of George Junkins's debt. When the mortgage was made, in the early part of 1874, the debt secured by it was a balance for previous advances of $1,460, and it also secured advances to be made that year. In January, 1876, the balance due for previous advances was $1,168, and a mortgage was made to secure advances to be made that year. In 1875, Webb and Beck severally recovered judgments against George Junkins, the two amounting to some $500. Under executions issued on these judgments, the said mortgaged lands of George Junkins were sold by the sheriff in the early part of the year 1876, and Webb and Beck became the purchasers of the equity of redemption, for about the amount of their judgments. When this purchase was made, and the sheriff conveyed to Webb and Beck, Junkins ·ceased to have any interest in the lands, and ceased to have any right in relation thereto, except the mere statutory right to re·deem within two years, from the execution purchasers. If he had exercised this statutory right, and had redeemed from Webb and Beck, he would then have been restored to his former ownership of the equity of redemption, and the relation of mortgagor and mortgagee between him and the Lovelaces would have been re-established. He failed to redeem, and hence lost the title to his lands. In 1879, the Lovelaces, for a valuable consideration paid, received from Webb and Beck a conveyance of all the interest they had in the said George Junkins tract of land, and thus united in themselves the mortgage interest and the equity of redemption, being, at law, a complete title.—*Br. Bank v. Hunt,* 8 Ala. 876; *Lovelace v. Webb,* 62 Ala. 271.

The allegations of the bill, on which a recovery of the George Junkins land is sought, are, that the Lovelaces *redeemed* the land from Webb and Beck, for the said George Junkins, and were to hold them for him, and convey to him, when he paid up the redemption money, and the balance of the mortgage debt. The bill then avers that these sums have been paid to the Lovelaces, and offers to pay any balance, if not paid in full. The answers deny that the lands were redeemed from Junkins, and deny the making of any contract or agreement, by which they obtained the title from Webb and Beck for the benefit of Junkins, and deny that they agreed to convey to Junkins when he paid the purchase-money and the balance of the mortgage indebtedness. All the testimony offered in support of the alleged agreement to redeem, and to reconvey to Junkins when

[Junkins v. Lovelace.]

he paid up, is the deposition of Junkins himself. If such agreement was made, it was oral, and the bill contains no averments to take it out of the statute of frauds. It is neither averred nor proved that Junkins, after the sheriff's sale, or after the alleged redemption, had possession of the lands. Hence, if he made payments, there is not enough to show the case was taken out of the statute of frauds.—Code of 1876, § 2121, sub. 5; *Patton v. Beecher*, 62 Ala. 579. There are some implications from the testimony, that he did have a possession or control of the land, or a part of it, but that it was as tenant under the receiver. There are no averments, however, to give this any force.

A complete answer to any claim of relief, based on the alleged agreement to redeem, is that the proof does not sustain it. We find, as fact, that this averment is not proved; and hence there is a failure to establish even an oral agreement by the Lovelaces to redeem the land from Webb and Beck, and hold it to be redeemed by Junkins. It is thus shown that, under the averments of this bill, the complainant is entitled to no relief as to the lands formerly owned by him. If there is any proof, tending to show a right to relief on any other ground, it is variant from the allegations of the bill, and it must be denied on that ground.—1 Brick. Dig. 743, §§ 1538-9. We have not scrutinized the accounts narrowly, and can not safely say there is or is not such proof.

It is contended for appellant, that after the sale by the sheriff of the equity of redemption to Webb and Beck, Junkins, the mortgagor, made payments on the mortgage debt, thus reducing the incumbrance created thereby; and inasmuch as such payments do not enure to the benefit of the purchaser of the equity of redemption, and could not have relieved Webb and Beck from any part of the mortgage incumbrance which rested on the land when they purchased, the Lovelaces, by their purchase, acquired no greater rights than Webb and Beck had owned, and passed under the same liabilities which had rested on their vendors. On this principle it is urged, that Junkins, to the extent he has so reduced the mortgage incumbrance, should be subrogated to the rights of the mortgagees.—*Tice v. Annin*, 2 Johns. Ch. 128. There are no averments in the bill which raise this question, and no relief can be granted, even if it be shown in the testimony. As we have said, we have not scrutinized the accounts in reference to it; but we will so far modify the decree as to make it a dismissal without prejudice.

Thus amended, the decree of the chancellor is affirmed.