181 So. 767

**BONNER v. LOCKHART.**

6 Div. 269.

Supreme Court of Alabama.

May 26, 1938.

Pennington & Tweedy, of Jasper, for appellant.

J. J. Curtis and Herman Maddox, both of Jasper, for appellee.

BOULDIN, Justice.

A sale of the mortgagor's equity of redemption in real estate under execution passes all the title of the mortgagor, and the purchaser is subrogated to all the rights of the mortgagor. Code, § 7806.

This carries the right to remove the mortgage incumbrance by payment of the mortgage debt. The sum so paid becomes a lawful charge when the mortgagor, defendant in the judgment, comes to exercise the statutory right of redemption from the purchaser at execution sale.

If, instead of paying the mortgage debt, thus divesting the mortgagee of his legal title under the statute, the purchaser at execution sale also purchases and takes an assignment of the note and mortgage, with no apt words of conveyance to pass the legal title, he may foreclose the mortgage under the power of sale and become the purchaser, when so authorized in the mortgage, thus perfecting his title, subject only to the statutory right of redemption. Such is this case. Junkins v. Lovelace, 72 Ala. 303; Lovelace v. Webb, 62 Ala. 271.

The original bill filed by the mortgagor sought redemption from the mortgage sale, ignoring the prior sale and purchase by respondent at execution sale.

Upon answer and cross-bill setting up the title acquired at execution sale, the expiration of the time for redemption from such sale and forfeiture of the right of redemption by failing to comply with the statutory demand for possession, cross-respondent set up certain alleged irregularities in the execution sale which are here insisted upon as rendering the execution sale and sheriff's deed void.

No irregularity in the conduct of the sale, such as failure to post notice of the sale at the courthouse door, Code, § 7825, failure to give personal notice of the levy, Code, § 7819, or a delay of some three months before executing the sheriff's deed, which should be executed within five days after the sale, Code, § 7838, nor all of them will suffice to render the sale void on collateral attack. A valid judgment, execution thereon, levy and sale, all evidenced prima facie by recitals in the deed, suffice to protect the purchaser. Code, § 7706; Ray's Adm'r v. Womble, 56 Ala. 32; White v. Farley, 81 Ala. 563, 8 So. 215; Steele v. Tutwiler, 68 Ala. 107;

Cowan & Co. v. Sapp, 74 Ala. 44; Carrington v. Richardson, 79 Ala. 101; Ashurst v. Arnold-Henegar-Doyle Co., 201 Ala. 480, 78 So. 386.

This rule does not give countenance to derelictions of public officers in the discharge of the duties imposed by law, but is expressive of a public policy to protect purchasers, who, in good faith, rely upon official action. The judgment debtor is given a remedy in the court issuing the process, or by bill in equity, in a proper case, to vacate and set aside the sale, proceedings in which all parties may be protected. Authorities, supra.

No proceeding to this end was had. The present bill does not proceed on such theory, and no decree of the trial court was invoked thereon.

In answer to the cross-bill an offer is made to redeem from the execution sale.

Without dispute the two years allowed for redemption from such sale had expired before any proceedings were instituted looking to a redemption; and such right of redemption had been forfeited by failure to comply with written demand for possession under Code, § 10143.

This effectually cut off the statutory right of redemption from the purchaser at both execution and mortgage sales. White v. Farley, supra.

Appellant argues that appellee is estopped to now insist upon the bar or forfeiture of the right of redemption.

It appears that after such bar was complete the complainant, through counsel, entered into negotiations with counsel for respondent resulting in the furnishing of a written statement of the sum due for redemption from the purchaser at mortgage sale. A difference arose as to the correct amount. A tender was made of the amount claimed by complainant to be due, accompanied with a request for a "quitclaim" deed. Later complainant tendered the sum first given by respondent, but not including interest to date of last tender.

It is alleged complainant had no knowledge of the execution sale, and respondent failed to disclose any claim to the lands thereunder. The record does not sustain this averment. Complainant had received and ignored the statutory demand for possession under such purchase, and the sheriff's deed was on record at the time of these negotiations. If his counsel was not so advised, it was the fault of complainant.

We cannot say counsel for respondent ever committed his client to acceptance of the amount stated for redemption from the mortgage sale and part with all title in disregard of his legal rights under the sheriff's deed.

If respondent was thus committed to grant redemption, in spite of forfeiture, and on more favorable terms than the law required, complainant was required to tender at the least the full amount claimed as of the dates the several tenders were made.

The right of redemption having been forfeited and barred without any action on the part of respondent lulling him into delay or non-compliance with the demand for possession, no estoppel could arise short of conduct leading complainant to part with value, or put himself in a position for the worse by these subsequent negotiations.

It appears complainant persistently ignored and disregarded all rights of respondent growing out of his purchase at execution sale. It results he has lost his home, and the courts cannot relieve him.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.