MOORE, Judge.
Keith Sharp and Guardian Brokers, Ltd., Inc. ("Guardian Brokers"), appeal from a judgment entered by the DeKalb Circuit Court ("the circuit court") denying Sharp and Guardian Brokers' petition to quash the writ of execution sought by Dan Horton d/b/a Heritage Footwear ("Horton") and denying all other relief requested by Sharp and Guardian Brokers with regard to the actual execution. We reverse the circuit court's judgment.
Facts and Procedural History
On September 26, 2012, Horton filed a complaint in the DeKalb District Court ("the district court"), alleging that Keith Sharp, d/b/a Pegasus Partners, had failed to pay certain invoices for services that Heritage Footwear had provided to Pegasus.
*855 After Sharp failed to appear, the district court entered, on January 18, 2013, a default judgment against Sharp and awarded Horton "the amount of $9,577.40 plus court costs, plus $422.60 interest, for which execution may issue."
On February 21, 2013, Horton obtained a writ of execution regarding certain property in possession of Pegasus. On June 6, 2013, Sharp filed a motion to quash the writ of execution, alleging that the property seized by Horton was not owned by Pegasus but, instead, was owned by Guardian Brokers. On November 21, 2013, the district court entered a judgment adding Guardian Brokers as a party and denying the motion to quash the writ of execution. The district court further ordered:
"The Court orders [Horton] to file with the Court a report of the disposition of the equipment executed on by [Horton] together with an itemization of all expenses, attorney fees and cost of collection within 15 days of the date of this order. The Court further orders that any equipment, not sold by [Horton] or remaining in the possession of [Horton], remain idle and secure where it is presently located until further order of the Court."
On December 3, 2013, Sharp and Guardian Brokers (hereinafter referred to collectively as "Sharp") filed a notice of appeal to the circuit court.
The circuit court held a de novo trial on February 25, 2016. At the trial, the parties litigated the ownership of the property seized. Furthermore, Sharp's attorney elicited testimony regarding the actual execution. Specifically, Horton testified that, on the writ-of-execution form, he had checked the box next to "Restore the property to Dan Horton" although, he said, he had never been in possession of the property. Horton also testified that he had taken the property-specifically, 3 knitting machines and a forklift-had traveled approximately 15 to 20 minutes away, and had placed the property in a warehouse. He testified that he had not advertised the property for sale but that he had sold the knitting machines to Ron Prestwood for $16,000, an amount greater than the total judgment amount. He testified that he had kept the entire $16,000 and the forklift. Horton also testified that he did not know if he had signed the "return of service." Both parties filed posttrial briefs; Sharp argued in its brief, among other things, that, because the execution was irregular, the writ of execution should be quashed.
On May 12, 2016, the circuit court entered a judgment denying the petition to quash the writ of execution and all other requested relief. On June 10, 2016, Sharp filed a postjudgment motion. On September 6, 2016, the parties filed their consent to extend the time for the circuit court to rule on Sharp's postjudgment motion. On September 23, 2016, the circuit court denied the postjudgment motion. Sharp filed a notice of appeal to this court on November 1, 2016.
Standard of Review
" 'When this Court must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court. State Dep't of Revenue v. Garner, 812 So.2d 380, 382 (Ala. Civ. App. 2001) ; see also Ex parte Graham, 702 So.2d 1215 (Ala. 1997).' "
American Res. Ins. Co. v. H & H Stephens Constr., Inc., 939 So.2d 868, 873 (Ala. 2006) (quoting Bean Dredging, L.L.C. v. Alabama Dep't of Revenue, 855 So.2d 513, 516-17 (Ala. 2003) ).
Discussion
We initially note that an appeal is a proper method for obtaining review of a judgment concerning a motion to quash a *856 writ of execution. See, e.g., Ex parte Arvest Bank, 219 So.3d 620, ---- (Ala. Civ. App. 2016).
On appeal, Sharp does not challenge the denial of the motion to quash the writ of execution on the basis that the property seized by Horton was not owned by Pegasus but, instead, was owned by Guardian Brokers. Sharp does, however, argue that the circuit court erred in declining to quash the writ of execution because of multiple statutory violations that, Sharp contends, Horton committed during the execution process. Specifically, Sharp argues that Horton personally seized the property and that he failed to make a "return of execution" in violation of Ala. Code 1975, § 6-9-80 ;[1] that Horton "transported the property away from the neighborhood where it was seized and sold it at another location in violation of Ala. Code [1975,] § 6-9-86";[2] that Horton "did not advertise the sale as required by Ala. Code [1975,] § 6-9-87";[3] and that Horton did not return the excess money or property to Sharp in violation of Ala. Code 1975, § 6-9-93.[4]
Section 6-9-147, Ala. Code 1975, provides:
"Courts have full power over their officers making execution or judicial sales, and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity, or error to the injury of either party, the sale will be set aside."
See also, e.g., Hogan v. Carter, 431 So.2d 1160, 1163 (Ala. 1983)
In response to Sharp's argument, Horton points out that our supreme court has held "that procedural irregularities alone are not enough to invalidate the sale." Hogan, 431 So.2d at 1163. However, as our supreme court explained in Dean v. Lusk, 241 Ala. 519, 523, 3 So.2d 310, 313 (1941) :
"An irregularity in the conduct of the sale, such as failure to give the notice required by statute or to post notices of the sale at the courthouse door, has been held insufficient to render the sale void on collateral attack.
*857 Bonner v. Lockhart, 236 Ala. 171, 181 So. 767 [ (1938) ]; Code 1940, Tit. 7, §§ 531, 536. This being a direct attack on the levy and sale in a court of equity[,] the allegations of the bill challenging the sufficiency of the notices, for the levy and sale under the statute, (Code 1923, §§ 7819, 7825), are not sufficient in that they fail to allege injury. Ray's Adm'r v. Womble, 56 Ala. 32 [ (1876) ]."
In the present case, the evidence is undisputed that the violations go beyond mere procedural irregularities and do, in fact, involve injury to Sharp. Indeed, the evidence indicates that Horton completely disregarded the applicable statutory requirements for the conduct of the sale. For example, Horton did not simply give insufficient notice of the sale; instead, he did not attempt to provide notice of the sale or to conduct a statutorily compliant sale. Moreover, Horton retained property and retained the proceeds from the sale above the amount of the judgment. We conclude that the undisputed evidence indicates that the sale in this case was "infected with ... irregularity [and] error to the injury of [Sharp]." See § 6-9-147. Therefore, the circuit court erred in declining to grant Sharp the relief requested.
Conclusion
Based on the foregoing, we reverse the judgment of the circuit court and remand this cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result, without writing.

Section 6-9-80 provides:
"The sheriff or other officer receiving an execution must execute the writ with diligence and, if practicable, perform the mandate thereof and make return of his acts to the clerk or register, as soon as practicable and not later than 90 days from the date of the execution."

Section 6-9-86 provides:
"Lands, when levied on under execution from any court of record, must be sold on any Monday in the month at the courthouse of the county. Other property may be sold on any day, except Sunday, either at the courthouse, the residence of the defendant, the place where levied on, or the neighborhood thereof, as may be most expedient. The sale may be continued from day to day if rendered necessary by the inclemency of the weather or from inability to conclude the sale in one day."

Section 6-9-87 provides:
"In sales of personal property, notice must be given by advertisement at the courthouse door and also by publication in a newspaper, if one is published in the county, for 10 days previous to such sale, but only one insertion in such newspaper shall be necessary. In sales of real property, the publication in such newspaper must be once a week for three successive weeks and by posting up notice for 30 days at the courthouse door previous to the sale."

Section 6-9-93 provides:
"When, at an execution sale, the amount of the sale exceeds the judgment, interest and costs, the excess must be paid to the debtor or his legal representative. When money is paid or collected on an execution, the whole or any part of which is enjoined, the same must, on demand, be refunded to the debtor or his legal representative if it has been paid over to the plaintiff, his agent or attorney without notice of the injunction."