69 So.2d 419

## HAWK v. MOORE.

### 4 Div. 710.

Supreme Court of Alabama.

Nov. 5, 1953.

Rehearing Denied Jan. 21, 1954.

Alto V. Lee, III, and Huey D. McInish, Dothan, for appellant.

J. Hubert Farmer, Dothan, for appellee.

LAWSON, Justice.

The bill in this case was filed by appellee against appellant for the purpose of having cancelled a foreclosure sale and the deed executed pursuant thereto on the ground that the debt secured by the mortgage had been fully paid, but sets up in the alternative that, if the debt had not been fully paid, the foreclosure sale and deed executed thereunder should be set aside on the ground that the price realized at the sale was grossly inadequate and that the complainant should be permitted to redeem

230

upon payment of the amount found to be due on the debt secured by the mortgage.

After submission for final decree on testimony taken before commissioners, the trial court rendered a decree setting aside the foreclosure sale and the foreclosure deed and ordering the register to hold a reference and ascertain and report to the court as follows: (1) the balance due on the debt secured by the mortgage; (2) the amount expended by the respondent mortgagee from rents received by him from the mortgaged property subsequent to the execution of the mortgage and prior to foreclosure; (3) the amount received by mortgagee prior to foreclosure and after execution of mortgage from an insurance company as result of fire damage to mortgaged property; (4) the amount of rent collected on the mortgaged property by the mortgagee subsequent to foreclosure.

From such decree the respondent mortgagee, who was the purchaser at the foreclosure sale, has appealed to this court. This is such a final decree as will support an appeal. C. W. Zimmerman Mfg. Co. v. Pugh, Ala.Sup., 39 So. 989.

As we interpret the decree, relief was granted the complainant as on a bill to be let in to redeem. It seems evident from the language of the opinion incorporated into the decree and from the reference to the register that the chancellor did not pass on the question of payment vel non.

Assuming, without deciding, that the proof as it bears on the claim of the gross inadequacy of the price realized at the sale, when considered with other objections to the sale, First National Bank of Opp v. Wise, 235 Ala. 124, 177 So. 636, would have been sufficient to justify a decree disaffirming the sale if proceedings to disaffirm had been timely filed, the fact is that such proceedings were not filed timely.

In the absence of unusual circumstances, the right to disaffirm a mortgage foreclosure sale is barred by a lapse of two years from the date of sale. Alexander v. Hill, 88 Ala. 487, 7 So. 238, 16 Am.St.Rep. 55; Canty v. Bixler, 185 Ala. 109, 64 So. 583; First National Bank of Opp v. Wise, 241 Ala. 481, 3 So.2d 68; Frahn Co. v. National Realty Management Co., 236 Ala. 681, 185 So. 162; Sherrill v. Federal Land Bank of New Orleans, 244 Ala. 461, 14 So. 2d 361; Sansom v. Sturkie, 245 Ala. 514, 18 So.2d 267; Randolph v. Vails, 180 Ala. 82, 60 So. 159; Ruffin v. Crowell, 253 Ala. 653, 46 So.2d 218.

As we view the evidence, it fails to show an "extraordinary case" so as to exempt complainant from the general rule above stated. Complainant was notified at his home in New Jersey several weeks prior to foreclosure that the mortgage would be foreclosed on June 4, 1945, unless he paid the balance due on the debt. Complainant was sent a copy of the foreclosure notice. He took the foreclosure notice and the letter from counsel for respondent to an attorney of his choosing in Newark, New Jersey, and requested that attorney to obtain an extension of time within which to pay. That was the end of complainant's interest in the matter until April, 1949. He never attempted to contact his lawyer to find out if he had met with success. He did not contact the respondent, Hawk, or seek any information from his own relatives in Dothan in regard to the status of this property on which he had executed the mortgage. He was apparently content to go his way until nearly four years had elapsed from date of sale.

A different rule of limitation applies if the debt secured by the mortgage had been fully paid before the foreclosure sale. The limitation, which bars the right to relief in such cases, is the same within which an action for the recovery of lands may be brought—ten years. Askew v. Sanders, 84 Ala. 356, 4 So. 167.

That period had not expired when this bill was filed. The trial court, as pointed out above, did not pass on the question of payment vel non.

We have examined the evidence with a view of determining whether we could reach a satisfactory conclusion on the decisive question of payment, so as to enable us to render a decree. But we find the

evidence so indefinite and uncertain that we deem it best to remand the cause so that testimony in regard to this question of payment may be made more certain and satisfactory.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.