86 So.2d 836

Annie Dell CLOUD

v.

Barbara Dell GAMBLE.

4 Div. 847.

Supreme Court of Alabama.

April 12, 1956.

J. Hubert Farmer, Dothan, for appellant.

W. G. Hardwick, Dothan, for appellee.

LAWSON, Justice.

This is an appeal by Annie Dell Cloud from a decree of the circuit court of Houston County, in equity, overruling her demurrer to the amended bill filed against her by Barbara Dell Gamble.

The purpose of the bill was to secure a decree cancelling a mortgage foreclosure sale and the deed executed pursuant thereto on the ground of fraud.

The original bill was filed on January 26, 1955. The case made by the amended bill is substantially as follows:

On September 3, 1946, Barbara Dell Gamble, to whom we will sometimes refer hereafter as the complainant, secured a loan of $2,000 from the First National Bank of Dothan, Alabama, payment of which she secured by the execution of a mortgage on a piece of business property of which she was the owner situate in the city of Dothan. At that time complainant was between eighteen and twenty-one years of age. She was married but was living in the home of the respondent, Annie Dell Cloud, her foster mother, separate and apart from her husband. Complainant was inexperienced in business transactions and subject to the domination and control of the respondent, at whose instance the loan was procured and the mortgage executed and to whom all of the proceeds of the loan were delivered.

On October 5, 1946, respondent, Annie Dell Cloud, paid the $2,000 which she had received from the complainant to the First National Bank of Dothan and thereby had the mortgage transferred and assigned to her.

Thereafter, on May 20, 1947, the respondent, as assignee of the bank, had the mortgage foreclosed in accordance with the power of sale therein contained.

On the day of foreclosure but prior to the time of the sale, the complainant, accompanied by the respondent, went to the office of an attorney employed by respondent, where the respondent advised complainant that the mortgage property was not worth more than $10,000. The complainant being ignorant of the value of that property and relying on the representations made by the respondent, in whom she reposed trust and confidence, agreed with the respondent that the latter could have the property for the sum of $10,000, irrespective of the amount she had to bid to become the purchaser at the foreclosure sale.

The respondent and three other persons were bidders at the foreclosure sale. One of the other persons bid the sum of $27,000 for the mortgaged property, whereupon the respondent bid the sum of $27,500 and thereby became the purchaser. According to the foreclosure deed, which as assignee of the mortgagee bank the respondent executed to herself as purchaser, the purchase price was $27,500.

The respondent paid no money to complainant for her equity in the mortgaged property, but two days after the foreclosure deed was executed the respondent and the complainant again went to the office of the attorney then representing the respondent who, under the direction of respondent, prepared a mortgage for $10,000 covering the suit property, which respondent as mortgagor executed to complainant as mortgagee.

Shortly thereafter the complainant transferred and assigned the last mentioned mortgage to one Grimsley, from whom the complainant received the sum of $10,000.

Respondent took possession of the suit property immediately after the foreclosure sale and continued to collect the rentals therefrom, which amounted to $160 a month. With such rental money the respondent paid off the mortgage held by Grimsley, who on March 29, 1954, had the mortgage satisfied of record.

Complainant does not rely upon the averments pertaining to the execution of the mortgage to the First National Bank of Dothan as a separate ground for relief. Such averments, however, are relevant as going to show the origin of the scheme used by the respondent by which she ultimately obtained title to the suit property from her foster child without the use of any of her own funds.

Actually, the complainant seeks to have the court set aside the foreclosure deed on the ground that the respondent, in whom the complainant reposed trust and confidence, fraudulently represented to complainant that the suit property at the time of the foreclosure sale was not worth more than $10,000 when she knew full well that it was worth considerably more and in fraudulently secreting from complainant the true value of the property in order that she could obtain title to it for a grossly inadequate consideration.

When construed most strongly against the complainant, as must be done on demurrer, the bill as amended cannot be said to show that complainant was present at the foreclosure sale and knew that the respondent bid the sum of $27,500 after another person had bid the sum of $27,000. As amended, the bill avers that although the plaintiff was in Alabama at the time of the foreclosure, she was at that time a resident of Savannah, Georgia, where she has continued to reside, and that she has made only infrequent visits to Alabama since the foreclosure proceedings; that she had no knowledge that the property was worth more than $10,000 at the time of the foreclosure until on or about March 1, 1954, when she first discovered that the mortgaged property was reasonably worth $27,500 and that it had in fact been sold at the foreclosure sale for that sum. It is averred in the amended bill that complainant did not discover the fraud that had been perpetrated upon her by the respondent until on or about March 1, 1954.

The appellant, the respondent below, does not contend that the averments of the bill are insufficient to state a case for equitable relief on the ground of fraud. We make that statement in view of the fact that no argument along that line is made in brief filed here on behalf of appellant and no mention is made of the grounds of demurrer which took that point.

However, we should take note of the fact that there is no specific mention made in the brief filed here on behalf of the appellant of any of the grounds of demurrer as having been well taken, although we have repeatedly held that on an appeal from a decree overruling a demurrer to a bill in equity we treat only those grounds of demurrer which are adequately argued in brief.

The argument which is made in brief in our opinion can be related only to those grounds of the demurrer taking the point that the bill shows on its face that the appellee, the complainant below, has been guilty of laches.

■■ In the "ordinary case" by analogy to the time allowed for statutory redemption there is fixed the period of two years as a reasonable time for a mortgagor to elect to disaffirm a mortgage foreclosure sale. Hawk v. Moore, 260 Ala. 228, 69 So.2d 419, and cases cited. But where there are peculiar features that seem to refute the presumption of ratification after the lapse of two years that rule is relaxed and the presumption of ratification is not given effect. First National Bank of Opp v. Wise, 241 Ala. 481, 3 So.2d 68.

In First National Bank of Opp v. Wise, 235 Ala. 124, 177 So. 636, it was held that a foreclosure under the power of sale which is infected with fraud does not cut off the equity of redemption, and the mortgagor or those succeeding to his rights by operation of law have a reasonable time, to be determined by the court in the light of circumstances of the particular case, to assert and protect such right in a court of equity.

■ In the instant case it is true that a period of nearly seven years elapsed between the mortgage foreclosure sale and the filing of the original bill. It is our opinion, however, that under the facts averred in this bill it should not be held as a matter of law that the complainant has not acted within a reasonable time. Certain it is that she has acted within a very few months after the date on which she alleges that she discovered the alleged fraud. The fact that the complainant was living without the state of Alabama and that she reposed trust and confidence in the respondent, her foster mother, is sufficient in our opinion to relieve her of any earlier affirmative act to discover whether or not the foreclosure sale and the

deed executed pursuant thereto had been infected with fraud.

We are not willing, therefore, to hold that the trial court erred in overruling the ground of demurrer taking the point that the bill shows on its face that the complainant is guilty of laches.

While the bill shows when the complainant discovered the fraud, it does not contain averments pinpointing the manner in which the fraud was discovered. However, there was no ground of demurrer taking that point.

There being in our opinion no merit in those grounds of demurrer which have any relation to the argument made in brief filed here on behalf of appellant, we are constrained to the conclusion that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.