296 So.2d 163

**Robert Gregg McCULLOCH and Edith Harrison McCulloch**

v.

**James E. ROBERTS and Katrina Roberts.**

**S.C. 507.**

Supreme Court of Alabama.

June 6, 1974.

Spain, Gillon, Riley, Tate & Ansley, and Ollie L. Blan, Jr., Birmingham, for appellants.

---

J. Robert Fleenor and Warren B. Lightfoot, Birmingham, for appellees.

JONES, Justice.

Appellants, Robert McCulloch and his wife, Edith, initiated this litigation April 23, 1970, by filing a Bill to Quiet Title in the Circuit Court of Jefferson County, Alabama, in equity, claiming that the appellees, James Roberts and wife, Katrina (hereinafter referred to in the singular as Roberts), had no right to cross their (McCullochs') property to use the Cahaba River.

On January 20, 1972, George I. Case, Jr., Special Judge, rendered a final decree finding that Roberts was entitled to cross the McCullochs' land to use the Cahaba River and that the McCullochs' land was subject to a right-of-way for ingress and egress to the river. He reserved jurisdiction and ordered the parties to submit an agreed route "not more than ten (10) feet in width from the existing roadway or over any other agreed route to the river making certain by proper description its location." In the event the parties were unable to agree, he ordered them to each "submit a suggested route to be fixed by the Court  .  .  .  ." On appeal, this Court affirmed.[1]

Subsequently, the Roberts filed a motion asking the trial Court to locate the right-of-way and to award them an attorney's fee.[2] Judge Barber, in a holding which was not supported by testimony in the original record and without taking additional testimony, entered a final decree locating the easement contrary to the location as established by prior usage. In awarding a $2000 attorney's fee to the appellees, Judge Barber stated "that respondents [Roberts] in defending this suit and in prosecuting their cross-bill herein have defined the interests of complainants [McCullochs] and the interests of respondents in determining the location and width of said right-of-way, which enures

---

1. For a detailed statement of the facts, see opinion in the first appeal. McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973).

2. The only proceedings contained in the record in the instant appeal preceding the Final Decree are the respondents' Motion, Notice (setting of motion), and Certificate of Service.

to the benefit of both the complainants and the respondents, and for so defining the interests of the parties, respondents are entitled to a reasonable attorney's fee."

Two issues are presented:

(1) Is the location of the right-of-way, as fixed by the final decree, sustainable by the proof?

(2) Can the losing party (the owner of the servient estate) in a suit involving an easement or right-of-way be required to pay an attorney's fee for the owner of the dominant estate?

We answer both questions in the negative, fix the easement, and reverse and render.

As to the first question, we set forth two elementary but important applicable principles of appellate review.

■ 1. Where the evidence was not taken orally before the trial Court, no presumption of correctness as to findings of fact will be indulged on review, and it is our duty to sit in judgment on the evidence. This is in effect the negative expression of the *ore tenus* rule. Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115 (1950); Kennedy v. State Department of Pensions & Security, 277 Ala. 5, 166 So.2d 736 (1964); and Adams v. Logan, 260 Ala. 346, 70 So.2d 786 (1954).

■ 2. Where the judgment below is without any competent supporting evidence (whether or not the *ore tenus* rule is applicable), we have no alternative but to reverse. St. Clair Industries, Inc. v. Harmon's Pipe & Fitting Co. Inc., 282 Ala. 466, 213 So.2d 201 (1968); and Johnson v. Johnson, 277 Ala. 126, 167 So.2d 688 (1964).

■ Although not listed above as a separate or additional scope of review rule, it is axiomatic that where, as here, the evidence was taken orally upon original submission, but the decree before us for review was rendered by a judge who did not hear the testimony, the *ore tenus* rule does not apply. Manchuria S. S. Co. v. Harry G. G. Donald & Co. et al., 200 Ala. 638, 77 So. 12 (1917). Machen v. Wilder, 283 Ala. 205, 215 So.2d 282 (1968).

Implicit in our affirmance in the first appeal (McCulloch I) was the assumption that, since the trial judge had reserved jurisdiction to resolve the dispute as to the location of the right-of-way, the trial judge would (absent an agreement by the parties) make findings either consistent with evidence adduced at the original trial or based upon additional testimony. Judge Barber, who was not the original trial judge, did neither.

To the contrary, the location of the right-of-way, as fixed by the decree here under review, carves a 275-foot long, 10-foot wide strip across the McCullochs' lawn to the river over a previously untrodden way.

The general route recognized by Judge Case and supported by the preponderance of the evidence in the original action as the route intended by the original parties, and as having been used by the Roberts' predecessors, was along a road which ran from the Roberts' property, through the McCullochs' property to a point *near* the river. Beyond the roadway. Judge Case reserved to himself (the trial Court) the right to fix and make certain the exact route from the road to the river, a distance of approximately sixty (60) feet.

■ Having again reviewed the record of McCulloch I, we now proceed to fix the easement. A small private road runs in front of the former site of the Roberts' home which was destroyed by fire. That same road is immediately to the rear of the house formerly occupied by Jessie Jones. This private road on its eastern perimeter forms a common boundary between the parties and then continues beyond the Roberts' property and circles around the house formerly occupied by Jessie Jones. The private road then intersects a private drive owned by the McCullochs which is their

primary access to and from the premises currently occupied by them as a residence. The route fixed by this easement shall be as follows:

> Begin on the above-described private road on the Roberts' premises and proceed south on said road until it intersects the private driveway of the McCullochs; then turn right at said driveway and proceed along said driveway toward the McCullochs' house until reaching the first set of stone steps located approximately 147 feet east of the McCullochs' residence (formerly owned by Ethel Stuteville); then proceed down the stone steps in a straight line toward the river to another set of stone steps to a large stone dock on the bank of the Cahaba River. This easement shall be ten (10) feet wide.

The fixing of this easement is subject to the right of either of the parties to petition the trial Court to order a survey more particularly describing the same not inconsistent herewith.

We next consider the contention advanced by the appellees that the award of an attorney's fee is authorized by Title 46, Section 63, Code of Alabama 1940, as amended, which provides:

> "In all suits and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust, or where there is involved the sale of property for distribution, or where there is a partition in kind of real or personal property *between tenants in common,* the court having jurisdiction of such suit or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint, or common property, or any party in the suit or proceeding, and is authorized to tax as a part of the costs in such suit or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solic-

itors as may be directed or ordered by the court and to be a lien on the several parts in case of partition in kind." [Emphasis added.]

The pertinent portions of this section denote clearly that the subject matter encompassed therein is inapplicable to the instant case. By definition, a tenancy in common is the holding of an estate in land by different persons under different titles, but there must be a unity of possession and each must have the right to occupy the whole in common with his cotenants. Kellum v. Williams, 252 Ala. 71, 39 So.2d 573 (1949). Here, the owner of the dominant property has not asserted a right to the whole of the servient property; but, instead, he claims only a right to subject a designated portion of the servient property to his own use and benefit.

This Court in Kimbrough v. Dickinson, 251 Ala. 677, 39 So.2d 241 (1949), interpretating this statute, stated at page 684, 39 So.2d at page 246:

> "The rule is that a court of equity will, in its discretion, order an allowance of counsel fees or, as it is sometimes said, allow costs as between solicitor and client, to one who at his own expense maintained a successful suit or defense for the preservation, protection or increase of a common fund or common property, who has created at his own expense or brought into court a fund which others may share with him. The rule rests upon the ground that where one litigant has borne the burden and expense of the litigation that has inured to the benefit of others as well as himself, those who have shared in the benefits should contribute to the expense. Grimball v. Cruse, supra [70 Ala. 534]; Bidwell v. Johnson, supra [191 Ala. 195, 67 So. 985]; Trustees v. Greenough, supra [105 U.S. 527, 26 L.Ed. 1157]; Strong v. Taylor, 82 Ala. 213, 2 So. 760."

Where the interest in the subject matter is antagonistic rather than common (which is clearly the case here), we find

no authority to support the award of an attorney's fee.

Reversed and rendered.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.