Defendants John Frank Hurt and Mary Texas Garner appeal from a final decree of the Madison County Circuit Court declaring void a tax deed upon which they claim title to the disputed property, and finding that, even if the tax deed were found valid, plaintiffs have been in actual, open, notorious, peaceable and continuous possession of the disputed property for more than twenty years since the date of the tax deed, and, therefore, would have acquired the property by prescription. The court ordered that fee simple title to the property vest in plaintiffs, free and clear of any claim of right or title by the defendants.
The issues raised on this appeal are as follows:
1. Did the trial court err in declaring void in its entirety a tax deed purportedly conveying property described in the deed itself as being wholly within the county of the probate court making the deed, which is, in reality, partially in another county?
2. Did the trial court err in concluding that the facts as stipulated in this case support a finding that the plaintiffs acquired title to the disputed property by prescription?
We address the second question first. As we find plaintiffs acquired title to the disputed tract by adverse possession after *Page 550 
the attempted tax sale in 1926, the validity of the tax deed is immaterial.
The parties have stipulated that the facts are as follows:
 "1. The United States of American [sic] granted the disputed property to Archie I. Given on June 1, 1898, and the property has remained in the name of Archie I. Given, and his heirs, continuously up to the present time with the property now being in the name of the plaintiffs, Jack Given and Maude Given. The Given family has assessed and paid the taxes on the subject property continuously from the date of the grant in Madison County, Alabama, but not in Jackson County, Alabama. The government patent was duly recorded in Jackson County in 1898 and 5 subsequent conveyances within the Given family effecting [sic] the 200 acre tract were recorded in Jackson County. All conveyances effecting [sic] the disputed portion of the property were recorded in Jackson County, Alabama.
 "2. The disputed property is a quarter-quarter section which is part of a 200 acre tract. The plaintiff, Jack Given, lived for more than 10 years on the 200 acre tract and now rents out the house that is located on the tract. Although not located on the disputed 40 acres, the house sits upon the 200 acre tract which has been considered to be the Given tract since 1898. The attached diagram [not set out in this opinion] indicates the lands claimed as the "Given tract." For the past 20 years, Mr. Given has either lived in the house or has rented out to tenants. Additionally, he has cut timber on the tract, as a whole but not the 40 acre tract, and has annually marked the property lines of the entire tract which includes the 40 acre tract. In marking the boundary line, Mr. Given has cut away the under growth so that one could see from one mark to the other. The boundaries were marked by cutting the trees and painting with orange paint. Mr. Given has continually walked over the property each year and inspected the timber and boundary markers from time to time.
 "3. The Jackson County Tax Collector sold the disputed property for taxes in 1926 after having given notice as "Owner-Unknown." The property was purchased by a predecessor in title of the defendants John Frank Hurt and Mary Texas Garner and has been assessed by them in Jackson County since 1928. The tax deed purports to describe the property as being in Jackson County when in fact the property lies partly in Jackson County and partly in Madison County, Alabama. The Defendants' deed was duly recorded in Jackson County in 1928.
 "4. The parties do further stipulate that EXHIBIT A attached hereto [not set out in this opinion] is a topographical map showing the relationship of the disputed forty-acre tract to the remainder of plaintiffs' lands, and, to the county-line between Jackson and Madison Counties; and that EXHIBIT B attached hereto [not included in this opinion] is a certified copy of the tax deed from the Jackson County Judge of Probate dated August 17, 1928 pertaining to the disputed forty-acre tract, and is the same deed referred to in Paragraph 3 above." (See diagram included as appendix to this opinion.)
The parties also have stipulated the damages for any encroachments found in this action. Furthermore, defendants have conceded that the tax deed is invalid insofar as it purports to convey property in Madison County, which is admitted to be outside the jurisdiction of the Jackson County Probate Court.
This cause came to be heard by the trial judge upon the pleadings and stipulations of the parties. The court heard no oral testimony on any matter material on this appeal. "When such is the case, no weight will be given the decision of the trial judge upon the facts, but this court must review the evidence de novo and render such judgment as it deems just."Prestwood v. Gilbreath, 293 Ala. 379, 384, 304 So.2d 175, 179
(1974). The ore tenus rule of review does not apply to a decision based on such evidence at trial. Kessler v. *Page 551 Stough, 361 So.2d 1048, 1049 (Ala. 1978); Hacker v. Carlisle,388 So.2d 947, 950 (Ala. 1980). "Instead, this court `sits in judgment on the evidence.'" Mann v. Cherry, Bekaert andHolland, 414 So.2d 921, 923 (Ala. 1982), citing Hacker v.Carlisle; McCulloch v. Roberts, 292 Ala. 451, 296 So.2d 163
(1974); Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115 (1950).
We must consider whether the evidence in this case shows that plaintiffs acquired title to the disputed property by prescription or by adverse possession under § 6-5-200, Code 1975. It should be noted that the parties are in agreement that the duration of plaintiffs' alleged possession of the property is not in issue. Also, there is no dispute as to plaintiffs' color of title. Hence, we confine ourselves to consideration of the sufficiency of the stipulated facts for the establishment of prescriptive rights in favor of the plaintiffs.
A succinct statement of the requirements for the acquisition of title to property by prescription or by adverse possession under the ten-year statutory period is contained in Calhoun v.Smith, 387 So.2d 821 (Ala. 1980). There, we said:
 "To obtain land by adverse possession, the claimant must prove `possession of the land; openness, notoriety and exclusiveness of possession; hostility toward everybody else in respect of possession; holding possession under claim of right or claim of color to title; and continuity for statutory period of ten years.' Tanner v. Thompson, 376 So.2d 697, 698
(Ala. 1979). These elements must be proven by clear and convincing evidence. Knowles v. Golden Stream Fishing Club, Inc., 331 So.2d 253 (Ala. 1976). It should be noted that the elements necessary to prove ownership under the twenty year prescriptive period are the same as those needed to prove adverse possession under the ten year statutory period; the difference between the two is one of burden of proof. Pendley v. Pendley, 338 So.2d 405, 407 n. 2 (Ala. 1976); Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965)."
387 So.2d at 823. The dispositive issue here is whether plaintiffs' acts were a sufficient indication to all the world that plaintiffs claimed ownership of the property in question. In answering this question, we must look collectively to all the possessory acts of the claimants. Baldwin v. Odom, 291 Ala. 129, 278 So.2d 713 (1973); Long v. Ladd, 273 Ala. 410,142 So.2d 660 (1962). "Land need only be used by an adverse possessor in a manner consistent with its nature and character — by such acts as would ordinarily be performed by the true owners of such land in such condition." Hand v. Stanard,392 So.2d 1157 (Ala. 1981). The specific question to be answered then is what acts would ordinarily be performed by the true owners of what the record shows to be rural, wooded land.
Plaintiffs, or their predecessor in title, owned the entire 200-acre tract, including the 40-acre tract in question, before the tax sale that purported to transfer title to the disputed 40 acres. The plaintiffs paid taxes in Madison County on the entire 200 acres, although about 25 acres was located in Jackson County. Even though they did not in fact pay the taxes to the proper authority, they clearly attempted to pay taxes on all the land. This is an act consistent with true ownership of the land.
Plaintiffs lived in or rented out a house on a portion of the 200 acres. As the plaintiffs make no claim of adverse possession to the 40-acre tract where the house sits, the rule of constructive possession, Marietta Fertilizer Co. v. Blair,173 Ala. 524, 56 So. 131 (1911), does not apply. However, the tract with the house is a part of the 200-acre tract. The maintenance of a house on one part of the 200-acre tract of land is consistent with true ownership of the entire 200 acres. Plaintiffs need not build a residence on each subdivision of the large tract in order to maintain possession of the large tract.
The parties stipulated that plaintiffs also cut timber on the 200-acre tract, but not on the disputed tract. Sporadic cutting of timber is not sufficient to establish possession. Rutland v.Georgia Kraft Co., *Page 552 Inc., 387 So.2d 836 (Ala. 1980). While the stipulated facts do not include evidence of continuous or persistent cutting, neither do they show that the cutting was sporadic. In Welch v.Smith, 202 Ala. 402, 80 So. 376 (1918), this Court found the following facts sufficient to establish adverse possession: The land at issue was not cleared or fenced, and it adjoined the claimant's land; it was used by the claimant to obtain firewood and other timbers "just as such unused lands next to a country home are always used." 202 Ala. at 403. Plaintiffs here are similarily situated. In any case, the cutting of timber is a factor to be considered. Rohrer v. Allen, 415 So.2d 1054 (Ala. 1982).
Most importantly, plaintiffs manually marked the entire 200-acre tract, including the 40-acre disputed tract. They did so by cutting trees, marking them with orange paint, and then clearing the undergrowth along the boundary so that the marks could be seen. Plaintiffs only marked the eastern and southern boundaries of the disputed tract because they owned the land adjacent to the western and northern boundaries. On an annual basis, plaintiff, Jack Given, walked over the land to inspect the timber and boundary markers. Marking of boundaries, taken together with other acts, may constitute possession. Young v.Hillyer Deutsch Edwards, Inc., 62 So.2d 859 (La.Ct.App. 1953);Whalen v. Smith, 183 Iowa 949, 167 N.W. 646 (1918).
This Court in Baldwin v. Odom, 291 Ala. 129, 278 So.2d 713
(1973), held that the acts of ownership must be considered collectively rather than independently. Taken together, the facts show that the plaintiffs in the present case did all they could reasonably do to show ownership of rural, wooded land. They undisputedly owned the entire 200-acre tract, including the 40-acre disputed tract, before the tax sale. They attempted to properly pay taxes on the entire 200 acres. They maintained a home, cut timber, marked boundaries, and cleared undergrowth so that the boundaries of the 200-acre tract were clearly visible. When viewed collectively, plaintiffs' acts of possession establish adverse possession, and the trial court's judgment is due to be affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
ADAMS, J., dissents.
JONES, J., not sitting. *Page 553 
[EDITORS' NOTE: SKETCH IS ELECTRONICALLY NON-TRANSFERRABLE.]