4 So.3d 524 (2008)
Larry G. BROWNING
v.
Steve PALMER.
2060725.
Court of Civil Appeals of Alabama.
March 21, 2008.
Certiorari Denied September 26, 2008. Alabama Supreme Court 1070938.
*525 Timothy B. Loggins of The Loggins Firm, LLC, Opp, for appellant.
Mark John Christensen, Andalusia, for appellee.
THOMPSON, Presiding Judge.
Larry G. Browning appeals from the trial court's judgment in favor of Steve Palmer on Browning's action to set aside a sheriff's sale and on Palmer's counterclaim for ejectment. On February 2, 2005, Browning filed a complaint in the Covington Circuit Court seeking to set aside the December 1, 2003, sheriff's sale of his house and approximately 12.5 acres of real property ("the property") to Palmer. Browning also sought to quiet title to the property. Palmer answered the complaint, and in August 2005 he added a counterclaim for ejectment. In lieu of a trial, the parties stipulated to the authenticity of numerous documents and submitted stipulated facts to the circuit court.
On December 20, 2006, the circuit court entered a judgment for Palmer on Browning's claims. The circuit court also entered a judgment for Palmer on his counterclaim for ejectment, ordered that Browning be ejected from the property, and ordered Browning to pay Palmer "the reasonable rental value of the property from December 1, 2003, in the amount of $14,400." Browning filed a postjudgment motion under Rule 59, Ala. R. Civ. P. The circuit court denied that motion on April 6, 2007. Browning filed a timely notice of appeal to this court on May 14, 2007. This court transferred the case to our supreme court due to a lack of subject-matter jurisdiction; the case was then transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
The undisputed facts, as stipulated to by the parties, show the following. Browning purchased the property on August 2, 2000. He and his wife, Barbara Browning, resided on the property for several years. The property is subject to mortgage indebtedness, which totaled approximately $101,000 in August 2006. An appraisal of the property estimated its value at $125,000 as of December 1, 2003; another appraisal estimated the property's value at $154,000 as of September 14, 2005.
On November 19, 2002, SouthTrust Bank of Alabama ("SouthTrust") recovered a judgment against Browning in the amount of $12,926. SouthTrust subsequently sought execution of the judgment, and in October 2003 the Covington County *526 Sheriff ("the sheriff") issued a notice of levy on the property. The Brownings received a copy of the notice of levy on November 3, 2003. The levy did not contain a complete, correct description of the property as required by § 6-9-99, Ala. Code 1975.[1]
On November 3, 2003, the sheriff issued a public notice that a sale of the property was to take place "on Monday, December 1, 2003, during the legal hours of sale at 12:00 noon in [the] County Courthouse in Covington County, Alabama." The notice of sale appeared in the Andalusia Star-News on November 4, November 11, and November 18, 2003. The notice of sale did not contain a complete, correct description of the property. The notice of sale was not posted on the county courthouse door for 30 days prior to the sale as required by § 6-9-87, Ala.Code 1975.[2] The record does not disclose whether Browning's mortgagee was aware of the sale.
The sheriff's sale took place on December 1, 2003, at 12:00 p.m. Mrs. Browning and one prospective purchaser, Palmer, were present at the sale. The sheriff's representative opened the bidding at $230. Palmer bid $230 for the property, and the sale was closed. A representative of SouthTrust arrived at the courthouse shortly after the sale concluded. The parties agree that he would have bid $14,337 for the property on behalf of SouthTrust.[3]
The record does not contain a writ of execution;[4] however, Palmer received a sheriff's deed reflecting the sale. The description of the property in that deed is different from the descriptions in the notice of levy and the notice of sale. The deed merely identifies the property as: "owned by the grantees as shown in real property book 2000, page 3061 in the office of the Judge of Probate of Covington County, Alabama." The deed erroneously states that the sale had been posted on the courthouse door for 30 days.
The Brownings continued to reside on the property after the sheriff's sale. Although Palmer never demanded rent from the Brownings, the parties stipulated that if "he had rented the property, he would have expected to have received $400 per month in rent." Browning did not attempt to redeem the property pursuant to § 6-5-248(a), Ala.Code 1975.[5] Browning did continue to pay the homeowner's and hazard insurance on the property, and he also continued to pay the mortgage. Browning paid the taxes on the property for the 2003 tax year. Palmer paid the taxes on the property for the 2004 and 2005 tax years. The record does not show that Browning and Palmer had any communication about the property until more than one year after the sheriff's sale, when Palmer asked Browning, via letter, to vacate the property. Browning then filed this action to set *527 aside the sale and to quiet title to the property.
The circuit court found that, "although the price paid for the property was extremely low in relation to its value, there was no fraud involved in the sheriff's sale." The circuit court also noted that the right to redeem under § 6-5-248 had expired after one year,[6] and it stated: "It seems contrary to the intent of the statute to permit title to be voidable beyond the one-year redemption period based solely on the price that was paid at the sheriff's sale." Browning argues on appeal that the circuit court erred in applying a one-year limitations period and in failing to set aside the sale pursuant to § 6-9-147, Ala.Code 1975.
"This cause came to be heard by the trial judge upon the pleadings and stipulations of the parties. The court heard no oral testimony on any matter material on this appeal. `When such is the case, no weight will be given the decision of the trial judge upon the facts, but this court must review the evidence de novo and render such judgment as it deems just.' Prestwood v. Gilbreath, 293 Ala. 379, 384, 304 So.2d 175, 179 (1974). The ore tenus rule of review does not apply to a decision based on such evidence at trial. Kessler v. Stough, 361 So.2d 1048, 1049 (Ala.1978); Hacker v. Carlisle, 388 So.2d 947, 950 (Ala.1980). `Instead, this court "sits in judgment on the evidence."' Mann v. Cherry, Bekaert and Holland, 414 So.2d 921, 923 (Ala.1982), citing Hacker v. Carlisle; McCulloch v. Roberts, 292 Ala. 451, 296 So.2d 163 (1974); Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115 (1950)."
Hurt v. Given, 445 So.2d 549, 550-51 (Ala. 1983). Furthermore, "[w]here the facts of the case are undisputed and the trial court is called upon to determine a question of law, no presumption of correctness attaches to the trial court's ruling and this court's review is de novo." Gilbert v. James Russell Motors, Inc., 812 So.2d 1269, 1271 (Ala.Civ.App.2001).
Section 6-9-147, Ala.Code 1975, grants courts "full power over their officers making execution or judicial sales, and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity, or error to the injury of either party, the sale will be set aside." According to Palmer, because Browning's right to redeem the property under § 6-5-248(b) had expired, he is barred from seeking to set aside the sale under § 6-9-147. Palmer's argument is in error. A court's authority to set aside a sale under § 6-9-147 is not always limited by the time period allowed for a debtor's statutory right of redemption under § 6-5-248. In Garris v. Federal Land Bank of Jackson, 584 So.2d 791, 795 (Ala.1991), our supreme court, speaking of execution sales in the context of a mortgage, explained:
"Traditionally, in `ordinary cases,' the period within which a mortgagor could elect to disaffirm a sale of lands under a mortgage was two years. This period was fixed by analogy to the period allowed for statutory redemption, and after this period, in the absence of special circumstances, the court presumed that during that two-year period the mortgagor had elected to ratify the sale. Cloud v. Gamble, 264 Ala. 270, 86 So.2d 836 (1956); Hawk v. Moore, 260 Ala. 228, 69 So.2d 419 (1954); Dozier v. Farrior, 187 Ala. 181, 65 So. 364 (1914); Alexander v. Hill, 88 Ala. 487, 7 So. 238, 16 Am. St. Rep. 55 (1890). In 1969, the Alabama *528 Legislature adopted Ala. Code 1975, § 6-5-230 [now § 6-5-248], which limited the time to redeem to one year from the date of confirmation of the foreclosure sale."
The supreme court drew this language from its opinion in Cloud v. Gamble, 264 Ala. 270, 272, 86 So.2d 836, 838 (1956). In that case, the supreme court affirmed the trial court's decision not to dismiss the plaintiff's challenge to a foreclosure sale, even though the plaintiff did not file a complaint until nearly seven years after the sale. The court explained:
"In the `ordinary case' by analogy to the time allowed for statutory redemption there is fixed the period of two years as a reasonable time for a mortgagor to elect to disaffirm a mortgage foreclosure sale. Hawk v. Moore, 260 Ala. 228, 69 So.2d 419 [(1954)], and cases cited. But where there are peculiar features that seem to refute the presumption of ratification after the lapse of two years that rule is relaxed and the presumption of ratification is not given effect. First National Bank of Opp v. Wise, 241 Ala. 481, 3 So.2d 68 [(1941)].
"In First National Bank of Opp v. Wise, 235 Ala. 124, 177 So. 636 [(1937)], it was held that a foreclosure under the power of sale which is infected with fraud does not cut off the equity of redemption, and the mortgagor or those succeeding to his rights by operation of law have a reasonable time, to be determined by the court in the light of circumstances of the particular case, to assert and protect such right in a court of equity.
"In the instant case it is true that a period of nearly seven years elapsed between the mortgage foreclosure sale and the filing of the original bill. It is our opinion, however, that under the facts averred in this bill it should not be held as a matter of law that the complainant has not acted within a reasonable time."
264 Ala. at 272, 86 So.2d at 838. Accordingly, the presumption discussed in Garris, supra, and the one-year statutory right of redemption under § 6-5-248, Ala.Code 1975, do not create an implied limitations period that finally severs the time within which a debtor may petition the courts to set aside a foreclosure sale under § 6-9-147, Ala.Code 1975.
It is undisputed that Palmer allowed Browning to continue to reside on the property and to continue to pay the mortgage and insurance payments without demanding possession of the property for more than 13 months. Palmer's actions during the 13 months following the sale are "peculiar features that seem to refute the presumption of ratification" discussed in Garris, supra, and justify the exercise of jurisdiction under § 6-9-147 even though more than one year passed between the date of the sale and the date Browning filed his request to set aside the sale. See Cloud, 264 Ala. at 272, 86 So.2d at 838. Under the unique circumstances of this case, the rule should be "relaxed and the presumption of ratification ... not given effect." Id.
Regarding the substance of Browning's claim under § 6-9-147, we find that the sheriff's sale should have been set aside. In Hogan v. Carter, 431 So.2d 1160, 1163-64 (Ala.1983), the supreme court explained the circumstances under which a court may set aside a sale under § 6-9-147.
"This Court has held that procedural irregularities alone are not enough to invalidate the sale. Dean v. Lusk, 241 Ala. 519, 3 So.2d 310 (1941); Bonner v. Lockhart, 236 Ala. 171, 181 So. 767 (1938). Nor is inadequacy of price *529 enough unless it is so extreme, or so related to procedural irregularities, as to create a presumption of fraud. Madison v. Ware, 277 Ala. 408, 171 So.2d 117 (1965); Martin v. Jones, 268 Ala. 286, 105 So.2d 860 (1958). In addition, the terms of our statute appear to allow the setting aside of sales for reasons not limited to fraud, and in practice most courts seem to take a common-sense approach to all the circumstances, including the price, the likely effect of procedural irregularities, inequitable conduct, evidence of mistake or misapprehension, and problems with title. See generally Annot., 5 A.L.R.4th 794 (1981). Under Code 1975, § 6-9-147, such factors may appropriately be considered. The ultimate determination is largely within the discretion of the trial court. Cox v. Cox, 267 Ala. 372, 102 So.2d 23 (1958).
"However, while each of the general rules, taken individually, is correct, the various irregularities involved in this sale, taken together with the inadequacy of the sales price, compel this Court to order that this sale on execution be set aside.
"This approach has gained judicial acceptance. `[V]irtually all courts recognize that inadequacy of price, in some degree, combined with some form of other circumstances, especially those indicative of fraud or unfairness on the part of the purchaser, or mistake, does justify the setting aside of an execution sale.' (Emphasis added.) Annot., 5 A.L.R.4th 794, 802 (1981). Mason v. Wilson, 116 Ariz. 255, 568 P.2d 1153 (Ariz.App.1977), exemplifies this approach:
"`A court may order an execution sale set aside on the basis of two grounds: First, the purchase price received at the sheriff's sale may be so inadequate as to shock the conscience of the court and justify setting aside the sale, Nussbaumer [v. Superior Court In and For County of Yuma, 107 Ariz. 504, 489 P.2d 843 (1971)], supra; Wiesel v. Ashcraft, 26 Ariz. App. 490, 549 P.2d 585 (1976). Second, where there is an inadequacy of price which in itself might not be grounds for setting aside the sale, slight additional circumstances or matters of equity may so justify.'
"568 P.2d at 1155.
"While the price received in the case before us may not be so inadequate as to shock the conscience, the accompanying procedural irregularities constitute additional circumstances which, together with the inadequate sales price, justify setting aside the sale. This Court has stated:
"`When the property is purchased by a stranger, the sale will not be set aside for mere inadequacy of price, no matter how gross, unless there is some unfair practice at the sale or unless there is mistake or surprise, without fault on the part of those interested.'
"Martin v. Jones, 268 Ala. 286, 288, 105 So.2d 860, 863 (1958)."
Considering the factors set forth in § 6-9-147 and in Hogan, supra, Browning's property sold for just $230, whereas the evidence of record shows that it appraised for between $125,000 and $154,000. Furthermore, the undisputed facts show accompanying procedural irregularities that, together with the inadequate sale price, justify setting aside the sale. The sheriff failed to include in or append to the notice of levy a correct and complete description of the property as required by § 6-9-99. The publication notice erred in its description of the property and was never posted on the courthouse door as required by § 6-9-87. The sheriff's deed contained *530 erroneous information and failed to include a full description of the property. These additional circumstances, "together with the inadequate sales price, justify setting aside the sale." Hogan, 431 So.2d at 1163.
Additionally, Browning was still required to satisfy his debt with SouthTrust, and it is undisputed that Palmer allowed Browning to continue to reside on the property and to continue to pay the mortgage and insurance payments without demanding possession of the property for more than 13 months. These facts, in addition to the irregularities associated with the sale and the inadequate price show mistake and surprise that justify setting aside the sale even though Palmer was apparently a stranger to the transaction. See Hogan, supra.
Accordingly, we reverse the circuit court's judgment and remand the cause for the circuit court to enter an order setting aside the December 1, 2003, sheriff's sale. We also reverse the circuit court's judgment in favor of Palmer on his counterclaim and remand the cause for the entry of a judgment in Browning's favor on that claim.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMAS, J., concurs.
BRYAN, J., concurs in the result, without writing.
MOORE, J., dissents, with writing, which PITTMAN, J., joins.
MOORE, Judge, dissenting.
Because I believe Browning did not prove "special circumstances" to justify his failure to timely seek relief from the execution sale, and because I further believe that the sale should not be set aside, I respectfully dissent.
In Garris v. Federal Land Bank of Jackson, 584 So.2d 791, 795 (Ala.1991), our supreme court explained that when a debtor fails to file an action to set aside a forced sale within the redemption period, the law presumes, in the absence of special circumstances, that the debtor has ratified the sale. Although Garris did not outline the "special circumstances" that would justify a delay in the filing of an action to set aside a forced sale, it is obvious from the context of that case that a delayed filing would be allowed only when circumstances prevent the debtor from truly ratifying the sale and when circumstances prevent the debtor from filing his action within the redemption period. In this case, it is undisputed that Browning was fully aware that his homestead, and not some other unnamed property, had been sold at the execution sale to Palmer for a very low price and that, with full knowledge of those facts, Browning did not file an action to set aside the sale until the redemption period had expired. Browning presented no evidence indicating that he had been prevented from challenging the sale either by some legal incapacity, fraud, mistake, or any other reason, and he presented no evidence indicating that he had been precluded from filing his action to set aside the sale because of any reasonable belief that Palmer would not enforce his property rights.
The main opinion concludes that Palmer's actions in allowing Browning to continue to reside on the property and to continue to pay the mortgage and insurance payments without demanding possession of the property refute the presumption of ratification. I cannot agree. It is undisputed that Palmer obtained a deed to the property on December 2, 2003, and that he paid the property taxes in 2004 and 2005. These actions should have put Browning on notice that Palmer considered himself the owner of the property. Browning *531 could not have reasonably inferred that because Palmer had not immediately filed an eviction action Palmer was never going to enforce his property rights. Moreover, the record contains no evidence indicating that Browning had made the mortgage and insurance payments under the reasonable belief that he, not Palmer, owned the property or that Palmer's actions had led him to believe that Palmer was not going to exercise his property rights. From all that appears in the record, Browning simply continued making those payments because he believed he had to pay regardless of who owned the property or in the mere hope that Palmer would not enforce his property rights.
Under the reasoning relied upon in the main opinion, a debtor would always be justified in delaying the filing of an action to set aside an execution sale when the purchaser awaits the expiration of the redemption period before requesting that the debtor vacate the premises. However, it is only prudent for a purchaser to await the expiration of the one-year redemption period to enforce the purchaser's property rights because it is only then that those property rights become unencumbered by the debtor's right to set aside the execution sale. In this case, it could just as easily be said that by paying the mortgage and insurance, Browning had lulled Palmer into believing that Browning would exercise his right to move to set aside the sale and that Palmer acted only after it became clear that Browning would not or could not exercise those rights.
Even if Browning did present special circumstances to justify extending the statute of limitations, he did not present any evidence to warrant the sale being set aside. Section 6-9-147, Ala.Code 1975, allows an execution sale to be set aside only when the sale was infected with "fraud, oppression, irregularity, or error to the injury of either party." I do not believe that Browning proved that he had been injured in any way by the alleged errors in the execution sale. Furthermore, "it has been held that in no such case, where a stranger purchases [the property at an execution sale], will a sale be set aside ..., unless fraud can be imputed to the purchaser, which was unknown to those interested...." Martin v. Jones, 268 Ala. 286, 289, 105 So.2d 860, 862 (1958). The record contains no evidence indicating that Palmer, who indisputably was a stranger to the property, the mortgage, the underlying judgment, and the levy against the property, had committed any fraud or other wrongdoing in relation to the purchase of the property.
Finally, I note that when a debtor seeks to set aside an execution sale under § 6-9-147, the debtor is not entitled to have title restored to the debtor permanently; the debtor is only entitled to another execution sale. See Martin v. Jones, 268 Ala. at 289, 105 So.2d at 863 ("`If, for any cause, the first sale was vacated, the court could only order another sale....' ... The extent of equity jurisdiction in such a case is to vacate the sale and order a resale, with the additional power to remove the instrument of conveyance to the purchaser at the sale vacated as a cloud on the title of the party seeking the resale." (Quoting Roy v. O'Neill, 168 Ala. 354, 363, 52 So. 946, 949 (1910))). However, in this case, because Browning remained on the property beyond his right to do so, and because he eventually paid off the debt owed to SouthTrust, there is now no judgment against which to conduct another execution sale. This fact demonstrates the error of the main opinion and underscores the justification for an established period in which to challenge an execution sale. Although Browning failed to timely satisfy his judgment, failed to honor the execution sale, and failed to timely pursue his legal remedies *532 arising from that execution sale, it nevertheless appears that he will remain vested in the property. This result will only be detrimental to the execution-sale process. See, e.g., Martin v. Jones, supra (recognizing that setting aside forced sales for other than compelling reasons renders forced sales unstable, thereby discouraging bidders and diminishing the amounts realized at such sales).
For the above-stated reasons, I respectfully dissent.
PITTMAN, J., concurs.
NOTES
[1] "When a levy is made on real or personal property, a full description thereof, with the date of the levy, must be endorsed upon or appended to the execution." § 6-9-99, Ala. Code 1975.
[2] "In sales of real property, the publication in such newspaper must be once a week for three successive weeks and by posting up notice for 30 days at the courthouse door previous to the sale." § 6-9-87, Ala.Code 1975.
[3] Browning ultimately satisfied SouthTrust's lien on April 13, 2005.
[4] "When land is sold under execution, a description of the land and the price obtained for it must be endorsed upon, or appended to, the writ by the officer making such sale." § 6-9-100, Ala.Code 1975.
[5] "Where real estate, or any interest therein, is sold the same may be redeemed by: (1) Any debtor, including any surety or guarantor...." § 6-5-248(a), Ala.Code 1975.
[6] "All persons named or enumerated in subdivisions [§ 6-5-248](a)(1) through (a)(7) may exercise the right of redemption granted by this article within one year from the date of the sale." § 6-5-248(b), Ala.Code 1975.