THOMPSON, Presiding Judge.
Larry G. Browning appeals from the trial court’s judgment in favor of Steve Palmer on Browning’s action to set aside a sheriffs sale and on Palmer’s counterclaim for ejectment. On February 2, 2005, Browning filed a complaint in the Coving-ton Circuit Court seeking to set aside the December 1, 2003, sheriffs sale of his house and approximately 12.5 acres of real property (“the property”) to Palmer. Browning also sought to quiet title to the property. Palmer answered the complaint, and in August 2005 he added a counterclaim for ejectment. In lieu of a trial, the parties stipulated to the authenticity of numerous documents and submitted stipulated facts to the circuit court.
On December 20, 2006, the circuit court entered a judgment for Palmer on Browning’s claims. The circuit court also entered a judgment for Palmer on his counterclaim for ejectment, ordered that Browning be ejected from the property, and ordered Browning to pay Palmer “the reasonable rental value of the property from December 1, 2003, in the amount of $14,400.” Browning filed a postjudgment motion under Rule 59, Ala. R. Civ. P. The circuit court denied that motion on April 6, 2007. Browning filed a timely notice of appeal to this court on May 14, 2007. This court transferred the case to our supreme court due to a lack of subject-matter jurisdiction; the case was then transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
The undisputed facts, as stipulated to by the parties, show the following. Browning purchased the property on August 2, 2000. He and his wife, Barbara Browning, resided on the property for several years. The property is subject to mortgage indebtedness, which totaled approximately $101,000 in August 2006. An appraisal of the property estimated its value at $125,000 as of December 1, 2003; another appraisal estimated the property’s value at $154,000 as of September 14, 2005.
On November 19, 2002, SouthTrust Bank of Alabama (“SouthTrust”) recovered a judgment against Browning in the amount of $12,926. SouthTrust subsequently sought execution of the judgment, and in October 2003 the Covington County *526 Sheriff (“the sheriff’) issued a notice of levy on the property. The Brownings received a copy of the notice of levy on November 3, 2003. The levy did not contain a complete, correct description of the property as required by § 6-9-99, Ala. Code 1975.[1]
On November 3, 2003, the sheriff issued a public notice that a sale of the property was to take place “on Monday, December 1, 2003, during the legal hours of sale at 12:00 noon in [the] County Courthouse in Covington County, Alabama.” The notice of sale appeared in the Andalusia Star-News on November 4, November 11, and November 18, 2003. The notice of sale did not contain a complete, correct description of the property. The notice of sale was not posted on the county courthouse door for 30 days prior to the sale as required by § 6-9-87, Ala.Code 1975.[2] The record does not disclose whether Browning’s mortgagee was aware of the sale.
The sheriffs sale took place on December 1, 2003, at 12:00 p.m. Mrs. Browning and one prospective purchaser, Palmer, were present at the sale. The sheriffs representative opened the bidding at $230. Palmer bid $230 for the property, and the sale was closed. A representative of SouthTrust arrived at the courthouse shortly after the sale concluded. The parties agree that he would have bid $14,337 for the property on behalf of SouthTrust.[3]
The record does not contain a writ of execution;[4] however, Palmer received a sheriffs deed reflecting the sale. The description of the property in that deed is different from the descriptions in the notice of levy and the notice of sale. The deed merely identifies the property as: “owned by the grantees as shown in real property book 2000, page 3061 in the office of the Judge of Probate of Covington County, Alabama.” The deed erroneously states that the sale had been posted on the courthouse door for 30 days.
The Brownings continued to reside on the property after the sheriffs sale. Although Palmer never demanded rent from the Brownings, the parties stipulated that if “he had rented the property, he would have expected to have received $400 per month in rent.” Browning did not attempt to redeem the property pursuant to § 6-5-248(a), Ala.Code 1975.[5] Browning did continue to pay the homeowner’s and hazard insurance on the property, and he also continued to pay the mortgage. Browning paid the taxes on the property for the 2003 tax year. Palmer paid the taxes on the property for the 2004 and 2005 tax years. The record does not show that Browning and Palmer had any communication about the property until more than one year after the sheriffs sale, when Palmer asked Browning, via letter, to vacate the property. Browning then filed this action to set *527 aside the sale and to quiet title to the property.
The circuit court found that, “although the price paid for the property was extremely low in relation to its value, there was no fraud involved in the sheriffs sale.” The circuit court also noted that the right to redeem under § 6-5-248 had expired after one year,[6] and it stated: “It seems contrary to the intent of the statute to permit title to be voidable beyond the one-year redemption period based solely on the price that was paid at the sheriffs sale.” Browning argues on appeal that the circuit court erred in applying a one-year limitations period and in failing to set aside the sale pursuant to § 6-9-147, Ala.Code 1975.
“This cause came to be heard by the trial judge upon the pleadings and stipulations of the parties. The court heard no oral testimony on any matter material on this appeal. “When such is the case, no weight will be given the decision of the trial judge upon the facts, but this court must review the evidence de novo and render such judgment as it deems just.’ Prestwood v. Gilbreath, 293 Ala. 379, 384, 304 So.2d 175, 179 (1974). The ore tenus rule of review does not apply to a decision based on such evidence at trial. Kessler v. Stough, 361 So.2d 1048, 1049 (Ala.1978); Hacker v. Carlisle, 388 So.2d 947, 950 (Ala.1980). ‘Instead, this court “sits in judgment on the evidence.” ’ Mann v. Cherry, Bekaert and Holland, 414 So.2d 921, 923 (Ala.1982), citing Hacker v. Carlisle; McCulloch v. Roberts, 292 Ala. 451, 296 So.2d 163 (1974); Redwine v. Jackson, 254 Ala. 564,49 So.2d 115 (1950).”
Hurt v. Given, 445 So.2d 549, 550-51 (Ala. 1983). Furthermore, “[wjhere the facts of the case are undisputed and the trial court is called upon to determine a question of law, no presumption of correctness attaches to the trial court’s ruling and this court’s review is de novo.” Gilbert v. James Russell Motors, Inc., 812 So.2d 1269, 1271 (Ala.Civ.App.2001).
Section 6-9-147, Ala.Code 1975, grants courts “full power over their officers making execution or judicial sales, and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity, or error to the injury of either party, the sale will be set aside.” According to Palmer, because Browning’s right to redeem the property under § 6-5-248(b) had expired, he is barred from seeking to set aside the sale under § 6-9-147. Palmer’s argument is in error. A court’s authority to set aside a sale under § 6-9-147 is not always limited by the time period allowed for a debtor’s statutory right of redemption under § 6-5-248. In Garris v. Federal Land Bank of Jackson, 584 So.2d 791, 795 (Ala.1991), our supreme court, speaking of execution sales in the context of a mortgage, explained:
“Traditionally, in ‘ordinary cases,’ the period within which a mortgagor could elect to disaffirm a sale of lands under a mortgage was two years. This period was fixed by analogy to the period allowed for statutory redemption, and after this period, in the absence of special circumstances, the court presumed that during that two-year period the mortgagor had elected to ratify the sale. Cloud v. Gamble, 264 Ala. 270, 86 So.2d 836 (1956); Hawk v. Moore, 260 Ala. 228, 69 So.2d 419 (1954); Dozier v. Farrior, 187 Ala. 181, 65 So. 364 (1914); Alexander v. Hill, 88 Ala. 487, 7 So. 238, 16 Am. St. Rep. 55 (1890). In 1969, the Alabama *528 Legislature adopted Ato. Cb& 1975, § 6-5-230 [now § 6-5-248], which limited the time to redeem to one year from the date of confirmation of the foreclosure sale.”
The supreme court drew this language from its opinion in Cloud v. Gamble, 264 Ala. 270, 272, 86 So.2d 836, 838 (1956). In that case, the supreme court affirmed the trial court’s decision not to dismiss the plaintiffs challenge to a foreclosure sale, even though the plaintiff did not file a complaint until nearly seven years after the sale. The court explained:
“In the ‘ordinary case’ by analogy to the time allowed for statutory redemption there is fixed the period of two years as a reasonable time for a mortgagor to elect to disaffirm a mortgage foreclosure sale. Hawk v. Moore, 260 Ala. 228, 69 So.2d 419 [(1954)], and cases cited. But where there are peculiar features that seem to refute the presumption of ratification after the lapse of two years that rule is relaxed and the presumption of ratification is not given effect. First National Bank of Opp v. Wise, 241 Ala. 481, 3 So.2d 68 [(1941)].
“In First National Bank of Opp v. Wise, 235 Ala. 124, 177 So. 636 [ (1937) ], it was held that a foreclosure under the power of sale which is infected with fraud does not cut off the equity of redemption, and the mortgagor or those succeeding to his rights by operation of law have a reasonable time, to be determined by the court in the light of circumstances of the particular case, to assert and protect such right in a court of equity.
“In the instant case it is true that a period of nearly seven years elapsed between the mortgage foreclosure sale and the filing of the original bill. It is our opinion, however, that under the facts averred in this bill it should not be held as a matter of law that the complainant has not acted within a reasonable time.”
264 Ala. at 272, 86 So.2d at 838. Accordingly, the presumption discussed in Garris, supra, and the one-year statutory right of redemption under § 6-5-248, Ala.Code 1975, do not create an implied limitations period that finally severs the time within which a debtor may petition the courts to set aside a foreclosure sale under § 6-9-147, Ala.Code 1975.
It is undisputed that Palmer allowed Browning to continue to reside on the property and to continue to pay the mortgage and insurance payments without demanding possession of the property for more than 13 months. Palmer’s actions during the 13 months following the sale are “peculiar features that seem to refute the presumption of ratification” discussed in Gams, supra, and justify the exercise of jurisdiction under § 6-9-147 even though more than one year passed between the date of the sale and the date Browning filed his request to set aside the sale. See Cloud, 264 Ala. at 272, 86 So.2d at 838. Under the unique circumstances of this case, the rule should be “relaxed and the presumption of ratification ... not given effect.” Id.
Regarding the substance of Browning’s claim under § 6-9-147, we find that the sheriffs sale should have been set aside. In Hogan v. Carter, 431 So.2d 1160, 1163-64 (AIa.1983), the supreme court explained the circumstances under which a court may set aside a sale under § 6-9-147.
“This Court has held that procedural irregularities alone are not enough to invalidate the sale. Dean v. Lusk, 241 Ala. 519, 3 So.2d 310 (1941); Bonner v. Lockhart, 236 Ala. 171, 181 So. 767 (1938). Nor is inadequacy of price *529 enough unless it is so extreme, or so related to procedural irregularities, as to create a presumption of fraud. Madison v. Ware, 277 Ala. 408, 171 So.2d 117 (1965); Martin v. Jones, 268 Ala. 286, 105 So.2d 860 (1958). In addition, the terms of our statute appear to allow the setting aside of sales for reasons not limited to fraud, and in practice most courts seem to take a common-sense approach to all the circumstances, including the price, the likely effect of procedural irregularities, inequitable conduct, evidence of mistake or misapprehension, and problems with title. See generally Annot., 5 A.L.R.4th 794 (1981). Under Code 1975, § 6-9-147, such factors may appropriately be considered. The ultimate determination is largely within the discretion of the trial court. Cox v. Cox, 267 Ala. 372, 102 So.2d 23 (1958).
“However, while each of the general rules, taken individually, is correct, the various irregularities involved in this sale, taken together with the inadequacy of the sales price, compel this Court to order that this sale oh execution be set aside.
“This approach has gained judicial acceptance. ‘[Vjirtually all courts recognize that inadequacy of price, in some degree, combined with some form of other circumstances, especially those indicative of fraud or unfairness on the part of the purchaser, or mistake, does justify the setting aside of an execution sale.’ (Emphasis added.) Annot., 5 A.L.R.4th 794, 802 (1981). Mason v. Wilson, 116 Ariz. 255, 568 P.2d 1153 (Ariz.App.1977), exemplifies this approach:
“ ‘A court may order an execution sale set aside on the basis of two grounds: First, the purchase price received at the sheriffs sale may be so inadequate as to shock the conscience of the court and justify setting aside the sale, Nussbaumer [v. Superior Court In and For County of Yuma, 107 Ariz. 504, 489 P.2d 843 (1971)], supra; Wiesel v. Ashcraft, 26 Ariz. App. 490, 549 P.2d 585 (1976). Second, where there is an inadequacy of price which in itself might not be grounds for setting aside the sale, slight additional circumstances or matters of equity may so justify.’
“568 P.2d at 1155.
“While the price received in the case before us may not be so inadequate as to shock the conscience, the accompanying procedural irregularities constitute additional circumstances which, together with the inadequate sales price, justify setting aside the sale. This Court has stated:
“‘When the property is purchased by a stranger, the sale will not be set aside for mere inadequacy of price, no matter how gross, unless there is some unfair practice at the sale or unless there is mistake or surprise, without fault on the part of those interested.’
"Martin v. Jones, 268 Ala. 286, 288, 105 So.2d 860, 863 (1958).”
Considering the factors set forth in § 6-9-147 and in Hogan, supra, Browning’s property sold for just $230, whereas the evidence of record shows that it appraised for between $125,000 and $154,000. Furthermore, the undisputed facts show accompanying procedural irregularities that, together with the inadequate sale price, justify setting aside the sale. The sheriff failed to include in or append to the notice of levy a correct and complete description of the property as required by § 6-9-99. The publication notice erred in its description of the property and was never posted on the courthouse door as required by § 6-9-87. The sheriffs deed contained *530 erroneous information and failed to include a full description of the property. These additional circumstances, “together with the inadequate sales price, justify setting aside the sale.” Hogan, 431 So.2d at 1163.
Additionally, Browning was still required to satisfy his debt with SouthTrust, and it is undisputed that Palmer allowed Browning to continue to reside on the property and to continue to pay the mortgage and insurance payments without demanding possession of the property for more than 13 months. These facts, in addition to the irregularities associated with the sale and the inadequate price show mistake and surprise that justify setting aside the sale even though Palmer was apparently a stranger to the transaction. See Hogan, supra.
Accordingly, we reverse the circuit court’s judgment and remand the cause for the circuit court to enter an order setting aside the December 1, 2003, sheriffs sale. We also reverse the circuit court’s judgment in favor of Palmer on his counterclaim and remand the cause for the entry of a judgment in Browning’s favor on that claim.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMAS, J., concurs.
BRYAN, J., concurs in the result, without writing.
MOORE, J., dissents, with writing, which PITTMAN, J., joins.

. "When a levy is made on real or personal property, a full description thereof, with the date of the levy, must be endorsed upon or appended to the execution.” § 6-9-99, Ala. Code 1975.

. "In sales of real property, the publication in such newspaper must be once a week for three successive weeks and by posting up notice for 30 days at the courthouse door previous to the sale.” § 6-9-87, Ala.Code 1975.

. Browning ultimately satisfied SouthTrust’s lien on April 13, 2005.

. "When land is sold under execution, a description of the land and the price obtained for it must be endorsed upon, or appended to, the writ by the officer making such sale.” § 6-9-100, Ala.Code 1975.

. "Where real estate, or any interest therein, is sold the same may be redeemed by: (1) Any debtor, including any surety or guarantor. ...” § 6-5-248(a), Ala.Code 1975.

. "All persons named or enumerated in subdivisions [§ 6-5-248](a)(l) through (a)(7) may exercise the right of redemption granted by this article within one year from the date of the sale.” § 6-5-248(b), Ala.Code 1975.